[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11195
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cv-00335-SPC,
Bkcy No. 9:12-bkc-12132-FMD

IN RE: ROBERT PAUL MOORE, JR.
        JENNIFER REBECCA MOORE,

Debtors.
_____

DENNIS FIANDOLA,
LISA FIANDOLA,

Plaintiffs - Appellants,

versus

JENNIFER REBECCA MOORE,
ROBERT PAUL MOORE, JR.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 8, 2015)

Before MARCUS, WILLIAM PRYOR, and DUBINA, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order affirming the bankruptcy court's final judgment in favor of the appellees, Robert and Jennifer Moore ("Moores") on an adversary complaint brought by the appellants, Dennis and Lisa Fiandola ("Fiandolas").

After reviewing the record and reading the parties briefs, we affirm the final judgment of the bankruptcy court.

## I. BACKGROUND

The facts are taken almost verbatim from the district court's order.

Jennifer Moore, through her business Moore Pizazz, LLC, entered into an agreement on February 28, 2011, to perform interior design services and provide custom goods for the Fiandolas. As part of the agreement, the Fiandolas tendered $30,000.00 to Moore Pizazz for custom furnishings. The agreement called for the Fiandolas to pay 80 percent of all custom furnishings upon ordering. Jennifer Moore subsequently requested that the Fiandolas provide another $40,000.00 for the work. The Fiandolas questioned the need for the additional funds so soon into the project but were assured by Jennifer Moore that the funds would not be lost and the project would be completed.

2

Jennifer Moore was unable to complete the Fiandolas' project and did not deliver all of the agreed upon goods and services.  The Fiandolas acknowledge that they received some of the goods and services they paid for but not everything.  As a result of Jennifer Moore's failure to deliver on the agreement, the Fiandolas sued Moore Pizazz in state court.  The Fiandolas prevailed in their lawsuit and a judgment was entered against Jennifer Moore and Moore Pizazz.  Robert and Jennifer Moore and Moore Pizazz, LLC subsequently filed for bankruptcy on August 7, 2012.

Shortly after entering bankruptcy, the Moores disclosed their income in the statement of financial affairs.  The Moores did not list assets they had sold—prefiling—namely two vehicles that were sold earlier that year for approximately $35,000.00.  In addition, Robert Moore failed to disclose moneys received from a consignment shop that sold assets belonging to Moore Pizazz during the 341 meeting of creditors.  The Moores amended their statement of financial affairs after the 341 meeting and added the sale of the vehicles but still did not disclose the sale of assets belonging to Moore Pizazz.  Several months after the amendment, the bankruptcy court entered a final judgment in favor of the Moores.  The Fiandolas then appealed the bankruptcy court's judgment to the district court.  After the district court affirmed, this appeal followed.

## II. ISSUES

3

(1)    Whether the bankruptcy court erred in determining that a debtor does not have an obligation to explain the loss of the funds under 11 U.S.C. § 727(a)(5) when the funds belong to a single-member limited liability company.

(2)    Whether the bankruptcy court erred in determining that the Moores did not deliberately omit the proceeds from the sale of vehicles from their petition.

(3)    Whether the bankruptcy court erred in determining that money received by Robert Moore should not be imputed as income because the funds were not used for the maintenance and support of the Moores.

## III. STANDARDS OF REVIEW

We review the factual findings and legal conclusions of the bankruptcy court under the same standards as the district court. *Heatherwood Holdings, LLC v. HGC, Inc. (In re Heatherwood Holdings, LLC)*, 746 F.3d 1206, 1216 (11th Cir. 2014). Legal questions are reviewed de novo, and factual findings are reviewed for clear error. *Id.* When the district court affirms the bankruptcy court's order, we review only the bankruptcy court's decision. *Educ. Credit Mgmt. Corp. v. Mosley (In re Mosley)*, 494 F.3d 1320, 1324 (11th Cir. 2007).

## IV. DISCUSSION

We conclude from the record that the bankruptcy court correctly decided that the Moores should not be denied a discharge of debts under 11 U.S.C. § 727(a)(5) because they were under no obligation to explain the loss of corporate owned assets in a single-member limited liability corporation. The bankruptcy

4

court made factual findings, after a two day trial, that the assets of the corporation were never owned by the Moores or at any time available to them for their use and thus were not within the reach of a creditor.  These findings were not clearly erroneous.

Additionally, as the district court noted, even if the bankruptcy court erred in its decision, the error was harmless because the Moores explained the disposition of the corporate assets to the satisfaction of the trier of fact, the bankruptcy court. To deny a discharge under § 727(a)(5), the bankruptcy court correctly found that the Fiandolas had the burden of proving that the assets were converted by the Moores from the limited liability corporation.  The Fiandolas had to prove that the Moores at one time owned the assets which are no longer available for creditors. *See In re Harmon*, 379 B.R. 182, 190 (Bankr. M.D. Fla. 2007).   The Fiandolas failed to prove at trial that any assets were not the property of the corporation or that any assets were not always titled in the corporation's name.

In sum, we conclude that there was ample evidence presented to show that all moneys paid to Moore Pizazz were deposited in the corporation's accounts and were never the personal property of the Moores.  Moreover, the evidence was uncontroverted that the Moores paid corporate liabilities from the sale of corporate assets.

We next conclude that the bankruptcy court was correct in concluding that the Moores did not intentionally fail to disclose the sale of two vehicles in their statement of financial affairs.  The omitted disclosures in this case were not material misrepresentations.  First, the assets in question were not retained by the Moores postpetition, nor were the proceeds from the sale of the automobiles hidden from the bankruptcy trustee or the court.  The Moores complied with the trustee's request for documentation of the sale of the automobiles and the proceeds of each.

We finally conclude that the bankruptcy court did not err finding that Robert Moore's receipt of money from sale of Moore Pizazz's assets was not imputed income that had to be disclosed in the Moores' statement of financial affairs. Thus, the bankruptcy court correctly concluded that his failure to disclose did not constitute a false oath under 11 U.S.C. § 727(a)(4)(A).

For the foregoing reasons, as well as the reasons set forth in the bankruptcy court's well-reasoned memorandum opinion filed on April 16, 2014, and the district court's well-reasoned order affirming the bankruptcy court's judgment filed on June 1, 2015, we affirm the final judgment entered in this case.

AFFIRMED.

6